Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER LEE MINOR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>NEXTGEN LEADS, LLC, a California limited liability company,<br><br>*Defendant.* | Case No.  **'22 CV 0949 BEN NLS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Heather Lee Minor ("Plaintiff" or "Minor") brings this Class Action Complaint and Demand for Jury Trial against Defendant NextGen Leads, LLC, ("Defendant" or "NextGen") to stop the Defendant from violating the Telephone Consumer Protection Act by directing telemarketing text messages to be sent *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.     Plaintiff Heather Lee Minor is a resident of Tallahassee, Florida.

2.     Defendant NextGen Leads, LLC, is a California limited liability company headquartered in San Diego, California. Defendant NextGen conducts business throughout this District, California, and the U.S.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant and the venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District and the wrongful conduct giving rise to this case was directed by the Defendant from this District.

## INTRODUCTION

5.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant

barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.    When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7.    By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.    Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10.   According to online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2022 alone, at a rate of 128.7 million calls per day. www.robocallindex.com (last visited June 5, 2022).

11.   The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.    Defendant NextGen is a marketing agency and lead generator, and sells consumer leads to insurance carriers, agencies, and agents across the U.S.[3]

15.    Defendant NextGen generates and sells leads to businesses for consumers who could potentially be interested in health insurance and Medicare products or services.[4]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/nextgen-leads-llc/
[4] https://nextgenleads.com/

16.    Defendant NextGen uses an alias 'USA HealthQuotes', to conduct business, and to send telemarketing text messages to consumers, as in the case of Plaintiff Minor.

> This privacy policy applies to visitors to the site USA Health Quotes (the "Site"), which is owned and operated by NextGen Leads LLC (hereinafter referred to as "we", "our", or "us"). The purpose of this privacy policy is to disclose to you what information we may collect, how we may collect it, with whom we may share it, and certain other matters related to such information, including the choices you have regarding our collection of information and our use and disclosure to other parties of information we may have collected from you.
>
> If you have any questions about this privacy policy or would like to revoke consent to be contacted by NextGen Leads, please contact us at privacy@nextgenleads.com. [5]

17.    As part of its telemarketing campaigns to gather consumer leads, Defendant NextGen also places unsolicited calls and text messages, offering insurance quotes and/or information, to phone numbers registered on the National Do Not Call Registry, and to consumers who have never given their consent to receive calls or text messages from the Defendant.

18.    Multiple Insurance Agents who have purchased leads from Defendant NextGen have posted complaints regarding bad leads or leads of consumers who did not wish to receive telemarketing calls selling insurance:

---

[5] https://usahealthquotes.org/privacy



19.     Defendant's employees have also shared their experience about Defendant's bad leads, for instance:

---

[6]https://www.google.com/search?q=%22nextgen+leads#lrd=0x80dc01ee6be82ce3:0xa85fdab60 5d0e692,1,,,
[7] Id.
[8] Id.

**Ok place to work**

Live transfer agent (Former Employee) - San Diego, CA - April 14, 2020

I had a good time working at next gen just very boring tedious work lots of angry customers due to auto dialing.they hire felons but are really strict once you work there [9]

20.    Several consumers have posted complaints online regarding unsolicited telemarketing calls and text messages they received from or on behalf of Defendant NextGen. which Defendant NextGen as acknowledged, including complaints of endless harassment caused to them from Defendant NextGen's actions, and including complaints of consumers whose phone numbers are registered on the National Do Not Call Registry, for instance:



Spam

Text spamming without giving any useful information

Reported Caller Name: Kate with USA Health Quotes



Rdt
11/26/21, 11:42 AM [10]

## PLAINTIFF MINOR'S ALLEGATIONS

21.    Plaintiff Minor is the subscriber and the sole user of the phone number ending with xxx-xxx-0419.

22.    Plaintiff Minor registered her cell phone number on the DNC on March 4, 2022, for the express purpose that she would not receive unsolicited calls or text messages.

---

[9] https://www.indeed.com/cmp/Nextgen-Leads/reviews
[10] https://directory.youmail.com/directory/phone/5807420987

23.     Plaintiff Minor's number is not held out to the public in connection with a business and is used primarily for personal purposes.

24.     In March 2022, Plaintiff Minor started receiving unsolicited telemarketing text messages from the phone number 478-353-0554, addressed to "Melvin", offering health insurance quotes from USA HealthQuotes, an alias used by Defendant NextGen. Plaintiff Minor does not use the name "Melvin" as an alias, and does now know who that is.

25.     Plaintiff Minor received a series of similar solicitation text messages from the phone number 478-353-0554 to her cell phone seeking to offer health insurance quotes to the Plaintiff, on the following occasions:

- March 31, 2022, at 10:09 AM, and at 2:04 PM,



- April 1, 2022, at 1:36 PM,



- April 2, 2022, at 2:00 PM,



- April 5, 2022, at 1:36 PM,



- April 6, 2022, at 11:53 AM, and on

- April 7, 2022, at 10:38 AM.

> **Wednesday, April 6**
>
> Melvin, I've been trying to contact you to help with your search! You can browse health coverage by texting 'yes' for a link. Reply NO to end -Kate     11:53 AM
>
> **Thursday, April 7**
>
> Last chance! If you'd like to look & compare cost effective policies for your health, you still have time. Send yes for a link. Reply NO to end     10:38 AM

26.    The phone number 478-353-0554, from which the telephonic sales text messages were sent to Plaintiff Minor's cell phone, is owned and operated by Defendant NextGen and on calling this phone number 478-353-0554, it is answered by a pre-recorded artificial voice message which identifies as USA HealthQuotes, an alias used by Defendant NextGen. The artificial voice message plays in a loop and states:

> *"Hello! You've reached USA HealthQuotes. Thanks for calling. To make the process of shopping for health insurance easier and more convenient for you, we sent over a link so you can compare plans on our website for free. Today! Press 3 if you received our calls in error or do not need health coverage. Press 2 if you need us to resend you a link. Press 9 to opt out."*

27.    The voice system is programmed by Defendant NextGen to receive 3 choices from the callers, two of which are for consumers who wish to opt out, or stop receiving any more calls or text messages from the Defendant, while the third

CLASS ACTION COMPLAINT

-10-

option is to receive the link to their website again via text message. There is no way for a consumer who received a telemarketing text message from the Defendant, like Plaintiff Minor, to speak with the telephone solicitor who sent the telephonic sales text message to the consumer's cell phone.

28. The telephone number from which Defendant sent telephonic sales text messages are programmed for sending automated text messages, and for responding to certain keywords, for instance 'yes' and 'no' as indicated in the text messages received by Plaintiff Minor.

29. The unauthorized solicitations that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Minor in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Minor, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Minor brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted and/or called more than one time,

(2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

32.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Minor anticipates the need to amend the Class definitions following appropriate discovery.

33.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because she received text messages as part of the same telemarketing campaign resulting in text messages sent to other members of the Class.

34.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Class include, but are not necessarily limited to the following:

(a)   whether Defendant systematically sent, or caused to be sent, multiple calls or text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent;

(b)   whether the calls and text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c)   whether Defendant's text messages constitute violations of the TCPA; and

(d)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35.   **Adequate Representation**: Plaintiff Minor will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Minor has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Minor and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Minor nor her counsel have any interest adverse to the Class.

36.   **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the

Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Minor. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Minor and the Do Not Call Registry Class)**

37.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

40.    Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

42.    As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in statutory damages for such

violations of 47 C.F.R. § 64.1200.

43.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Minor individually and on behalf of the Class, prays for the following relief:

a)     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Minor as the representative of the Class; and appointing his attorneys as Class Counsel;

b)     An award of damages and costs;

c)     An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)     An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)     Such further and other relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff Minor requests a jury trial.

**HEATHER LEE MINOR**, individually
and on behalf of all others similarly situated,

DATED this 28th day of June, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*